UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

TONY KIRIK,

                Defendant.
_____

SCHEDULING ORDER

21-CR-6063

The above-named defendant was arraigned on an indictment on April 23, 2021, in open court pursuant to Fed. R. Crim. P. 10 and Local Rule 12.1, and entered pleas of not guilty pursuant to Fed. R. Crim. P. 11(a)(1). Following the arraignment, a pretrial conference was held with counsel and the following scheduling order was agreed upon.

### I.    Scheduling Order

(1)    All voluntary discovery shall be completed by <u>May 21, 2021</u>. Counsel is directed to provide voluntary discovery in accordance with Part II of this Order.

(2)    All pretrial motions, both dispositive and non-dispositive, shall be filed by <u>September 24, 2021</u>. Defense motions should be filed in accordance with Part III of this Order.

(3)    All responses to pretrial motions filed in accordance with the preceding paragraph shall be filed by <u>October 15, 2021</u>.

(4)    Oral argument on any pretrial motions be held on <u>November 2, 2021</u>, at <u>10:00 a.m.</u>

II.     **Voluntary Discovery**

1.      Unless excused by this Court pursuant to Rule 16 (d)(1) of the Federal Rules of Criminal Procedure, voluntary discovery shall include all items the government is required to provide pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and all items the defense is required to produce pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

2.      The government is specifically reminded of its obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so.   The government must make these "disclosures in sufficient time that the defendant will have reasonable opportunity to act upon the information efficaciously."   *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007); *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir. 2001); *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001).  Failure to do so may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

3.      Unless encompassed by the preceding paragraph, the expert witness disclosure requirements contained in Rule 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure need not be produced as part of voluntary discovery.   However, expert witness disclosure must be made no later than 45 days prior to trial.   Counsel are reminded that such disclosures <u>must</u> include a written summary that describes the expert witness' "opinions, the bases and reasons for those opinions, and the witnesses qualifications."   *See* Fed. R. Crim. Proc. 16(a)(1)(G) and (b)(1)(C).

4.      By the close of voluntary discovery, the government shall file with the Court and serve upon all counsel a notice pursuant to Rule 12(b)(4) of the Federal Rules of Criminal

Procedure. The notice shall specifically and separately list all items of evidence (including physical evidence, statements made to law enforcement and identification evidence) that may be subject to a motion to suppress.

### III. Motion Papers

1. Defense counsel need not move for disclosure of evidence which has already been ordered disclosed under the terms of this Order.

2. With respect to motions to suppress, defense counsel is advised that "boilerplate" motion papers, devoid of facts, seeking suppression of unspecified evidence or asserting generic claims of constitutional violations may be rejected by this Court. The Sixth Amendment does not require counsel to file a suppression motion in every case "merely to vindicate their professional competence without regard for the grounds supporting such motions." *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987). "It is sufficient that counsel exercise[] 'professional discretion in deciding whether there are sufficient grounds' to file a motion." *Id.*, quoting *LiPuma v. Commissioner, Dep't of Corrs.*, 560 F.2d 84, 93 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977). Accordingly, motions to suppress must allege facts with sufficient detail and definiteness to allow this Court to conclude that issues of fact or law exist which require the Court to consider the suppression motion or hold a fact-finding hearing to resolve disputed factual issues. For example, with respect to alleged Fourth Amendment violations the motion papers must provide facts sufficient for this Court to conclude that the defendant had a cognizable expectation of privacy in the place searched. Failure to make such a showing risks denial of the suppression motion without a hearing. *United States v. Ruggiero*, 824 F. Supp. 379, 393-94 (S.D.N.Y. 1993), *aff'd*, 44 F.3d 1102 (2d Cir. 1995). *See also United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (suppression hearing properly denied where motion was supported only by affidavit of defense counsel).

3. All counsel are reminded of their continuing duty to disclose discovery material pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

IV. **Speedy Trial Exclusion Order**

Defense counsel and government counsel have made a joint motion to exclude the period of time from the date of this order until the date motions are filed from the "speedy trial clock." The court finds that an exclusion of time between the date of this order and the motion filing deadline is warranted in the interests of justice under 18 U.S.C. § 3161(h)(7) in order to afford the defendant sufficient time to prepare pretrial motions based upon the unusual and complex nature of the case and the need to afford the defendant effective assistance of counsel. The court further finds that the ends of justice served by an exclusion of time for such purpose outweigh the interests of the government and the pubic in a speedy trial. Therefore, the time period from the date of this order until the date motions are due to be filed is also excluded under 18 U.S.C.§ 3161(h)(7).

If no motions are filed by the filing date set forth in paragraph (2), the case shall be referred to the District Court Judge to whom the case is assigned for trial and the speedy trial exclusion set forth above shall terminate as of that date. Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this

scheduling order or prior to any extension made by the court, shall constitute a waiver thereof.

Fed. R. Crim. P. 12(f).

**SO ORDERED**.

                                                                      s/Marian W. Payson  
                                                                       MARIAN W. PAYSON  
                                                           United States Magistrate Judge

Dated: Rochester, New York  
       April 26, 2021